# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

**FILED**

Aug 20 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES OF AMERICA,

V.

DONGQUAN "DEREK" JIN and
YIMIN "KELLY" LU

DEFENDANT(S).

## INDICTMENT

18 U.S.C. § 1546(a) – False Statement on Immigration Document;
18 U.S.C. § 2 – Aiding and Abetting;
18 U.S.C. § 982(a)(6) and 28 U.S.C. § 2461(c) – Forfeiture Allegation

A true bill.

/s/ Foreperson of the Grand Jury

Foreman

Filed in open court this 20th day of

August 2024.

Clerk

Bail, $ No Bail

Hon. Lisa J. Cisneros, U.S. Magistrate Judge

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

FILED

Aug 20 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> DONGQUAN "DEREK" JIN and YIMIN "KELLY" LU, <br> Defendants. | CASE NO. 3:24-cr-00472 CRB <br><br> VIOLATIONS: <br> 18 U.S.C. § 1546(a) – False Statement on Immigration Document; <br> 18 U.S.C. § 2 – Aiding and Abetting <br> 18 U.S.C. § 982(a)(6) and 28 U.S.C. § 2461(c) – Forfeiture Allegation <br><br> SAN FRANCISCO VENUE |

I N D I C T M E N T

The Grand Jury charges:

**Introductory Allegations**

At times relevant to this Indictment:

<u>Relevant Persons and Entities</u>

1.  Defendants Dongquan "Derek" Jin ("JIN") and Yimin "Kelly" Lu ("LU") resided in the Northern District of California.

2.  JIN and LU operated Gospel Immigration Service, Inc. ("GIS"), a California corporation based in Newark, California. GIS purported to provide individuals with assistance in applying for immigration documents and benefits, including asylum.

3.  Records filed with the California Secretary of State on behalf of GIS state that JIN was

INDICTMENT 1

the company's Chief Executive Officer, and that LU was the company's Secretary and Chief Financial Officer.

4. M.C. is a Chinese national who was granted asylum by the United States. She paid JIN approximately $5,000 to assist her in applying for asylum in 2019.

5. R.W. is a Chinese national who was granted asylum by the United States. He paid LU approximately $5,000 to assist him in applying for asylum in 2019.

6. H.X. is a Chinese national who paid JIN approximately $5,000 to assist her in applying for asylum in 2019. H.X.'s asylum application was referred to an immigration judge and has not been granted.

7. G.Y. is a Chinese national who paid JIN approximately $5,000 to assist him in applying for asylum in 2015. G.Y.'s asylum application was referred to an immigration judge and has not been granted.

8. G.L. is the pseudonym adopted by an undercover law enforcement agent who paid JIN approximately $5,000 to assist him in applying for asylum in 2023.

## Overview of Asylum Application Process

9. Subject to certain rules, non-citizens who are physically present in the United States may be granted asylum and permitted to remain in the United States if they are able to demonstrate they were persecuted or have a well-founded fear of future persecution in their home country due to their race, religion, nationality, membership in a particular social group, or political opinion.

10. Eligible non-citizens may affirmatively apply for asylum by submitting Form I-589 (Application for Asylum and for Withholding of Removal) to the United States Citizenship and Immigration Services ("USCIS"), an agency of the U.S. Department of Homeland Security. There is no fee to apply for asylum.

11. Among other things, Form I-589 prompts asylum applicants to provide basic biographical information along with specific details to substantiate their claim of past persecution or well-founded fear of future persecution. Form I-589 also prompts applicants to certify, under penalty of perjury, that their application and the evidence submitted with it are all true and correct.

12. Form I-589 can be completed with the assistance of a third-party preparer. Where a

preparer assists an applicant in applying for asylum, Form I-589 prompts the preparer to sign the form. In signing Form I-589, the preparer declares that he or she is aware that the knowing placement of false information on the application may subject the preparer to civil and/or criminal penalties.

13. After a Form I-589 is submitted, USCIS may schedule an interview for the applicant at one of its asylum offices. The location of the interview is based on the applicant's residential address on file with USCIS.

14. Asylum interviews may be conducted by USCIS asylum officers, who ask applicants questions about their background and the information in their asylum applications. Applicants take an oath at the start of the interview and swear to tell the truth. At the end of the interview, the asylum officer reviews any corrections to the asylum application with the applicant, who then signs Form I-589 again to reaffirm the truthfulness of the contents of his or her application.

15. After the interview, the asylum officer will determine whether asylum should be granted or whether the application should be referred to an immigration judge for further proceedings.

<u>JIN's and LU's Asylum Operation</u>

16. Between 2013 and 2024, more than 200 asylum applications were submitted to USCIS where JIN or LU was the listed application preparer.

17. JIN and LU charged asylum applicants at least $5,000 for JIN's and LU's assistance in applying for asylum. Clients who paid JIN and LU more than $5,000 were considered "VIP" clients and received more assistance with their applications.

18. It was JIN's and LU's practice to fill out Form I-589 for clients, who were also given sample personal statements describing persecution to use in preparing their own personal statements substantiating their asylum claims.

19. JIN and LU reviewed and edited their clients' personal statements. In doing so, it was their practice to include false and embellished details that they believed would increase the chances that their clients would be granted asylum.

20. After submitting their clients' asylum applications, JIN and LU would instruct their clients to memorize the details in their applications. When a client's asylum interview was scheduled, it was JIN's and LU's practice to facilitate interview training sessions where clients would be quizzed on

INDICTMENT 3

the information in their applications to increase the chances of a favorable determination.

21. In connection with their asylum operation, JIN and LU maintained one or more group chats that included their clients and prospective clients. In order to generate business and bolster their credibility with clients, JIN and LU would congratulate and announce in the group chat when one of their clients was granted asylum.

22. After a favorable determination was received, it was JIN's and LU's practice to solicit financial bonuses, otherwise known as "red envelopes," from their clients. JIN and LU would also announce in the group chats with their clients when they had received such bonuses from particular clients. This practice created the appearance that such rewards were expected from clients.

COUNT ONE: (18 U.S.C. §§ 1546(a), 2 – False Statement on Immigration Document, Aiding and Abetting)

23. On or about September 23, 2019, in the Northern District of California, the defendant,

DONGQUAN "DEREK" JIN,

did knowingly aid, abet, counsel, and induce asylum applicant M.C. to knowingly make under oath and subscribe as true, as permitted under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in an application, affidavit, or other document required by the immigration laws and regulations, specifically an asylum application, that is, a statement falsely indicating M.C. had been physically forced to have an abortion against her will by government officials in China, which statement the defendant then and there knew was false, in violation of Title 18, United States Code, Sections 1546(a) and 2.

COUNT TWO: (18 U.S.C. §§ 1546(a), 2 – False Statement on Immigration Document, Aiding and Abetting)

24. On or about December 30, 2019 and November 5, 2020, in the Northern District of California, the defendant,

YIMIN "KELLY" LU,

did knowingly aid, abet, counsel, and induce asylum applicant R.W. to knowingly make under oath and subscribe as true, as permitted under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in an application, affidavit, or other document

required by the immigration laws and regulations, specifically an asylum application, that is, a statement falsely indicating R.W. had been arrested, threatened, and physically abused by government officials in China for practicing Christianity, which statement the defendant then and there knew was false, in violation of Title 18, United States Code, Sections 1546(a) and 2.

COUNT THREE: (18 U.S.C. §§ 1546(a), 2 – False Statement on Immigration Document, Aiding and Abetting)

25. On or about August 28, 2019 and October 9, 2019, in the Northern District of California, the defendant,

DONGQUAN "DEREK" JIN,

did knowingly aid, abet, counsel, and induce asylum applicant H.X. to knowingly make under oath and subscribe as true, as permitted under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in an application, affidavit, or other document required by the immigration laws and regulations, specifically an asylum application, that is, a statement falsely indicating H.X. had been physically forced to have an abortion against her will by government officials in China, which statement the defendant then and there knew was false, in violation of Title 18, United States Code, Sections 1546(a) and 2.

COUNT FOUR: (18 U.S.C. §§ 1546(a), 2 – False Statement on Immigration Document, Aiding and Abetting)

26. On or about September 20, 2023, in the Northern District of California, the defendant,

DONGQUAN "DEREK" JIN,

did knowingly aid, abet, counsel, and induce asylum applicant G.Y. to knowingly make under oath and subscribe as true, as permitted under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in an application, affidavit, or other document required by the immigration laws and regulations, specifically an asylum application, that is, a statement falsely indicating G.Y. had been arrested, threatened, and physically abused by government officials in China for practicing Christianity, which statement the defendant then and there knew was false, in violation of Title 18, United States Code, Sections 1546(a) and 2.

//

COUNT FIVE: (18 U.S.C. §§ 1546(a), 2 – False Statement on Immigration Document, Aiding and Abetting)

27. On or about November 5, 2023, in the Northern District of California, the defendant,

DONGQUAN "DEREK" JIN,

did knowingly aid, abet, counsel, and induce an undercover law enforcement agent posing as asylum applicant G.L. to knowingly make under oath and subscribe as true, as permitted under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in an application, affidavit, or other document required by the immigration laws and regulations, specifically an asylum application, that is, a statement falsely indicating G.L. had been arrested and physically abused by government officials in China for practicing Christianity, which statement the defendant then and there knew was false, in violation of Title 18, United States Code, Sections 1546(a) and 2.

FORFEITURE ALLEGATION: (18 U.S.C. § 982(a)(6) and 28 U.S.C. § 2461(c))

28. The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(6) and Title 28, United States Code, Section 2461(c).

29. Upon conviction for any of the offenses set forth in this Indictment, the defendants,

DONGQUAN "DEREK" JIN, and

YIMIN "KELLY" LU

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6) and Title 28, United States Code, Section 2461(c):

    a. any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the person is convicted; and

    b. any property real or personal (i) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or (ii) that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.

30. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 982(a)(6), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.

DATED: August 20, 2024                        A TRUE BILL.

                                                          ____/S/_____
                                                           FOREPERSON

ISMAIL J. RAMSEY
United States Attorney


_____/S/_____
JARED S. BUSZIN
Assistant United States Attorney